

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil Case No. _____ 21-CIV-61284-RUIZ/STRAUSS

JAY GOODLEY
Plaintiff

vs.

CHARLES M. GREENE
individually and in his official capacity as a Justice of the
Seventeenth Judicial Circuit Court of Broward County Florida
Defendant

# COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

## I. Party Information

**A.** Plaintiff: Jay Goodley

Address: 1336 Funston Street, Hollywood, Florida. 33019; Broward County Fl.

Year of Birth: 1949

vs.

**B.** Defendant: Charles M. Greene individually and in his official capacity as a

Justice of the Seventeenth Judicial Circuit Court of Broward County Florida.

Official Position: Justice

Place of Employment: Presiding at Seventeenth Judicial Circuit Court of

Broward County Florida, 201 S.E. 6th Street, Fort Lauderdale, Florida. 33301

(1)

## II. Statement of Claim

1. Plaintiff claims <u>Federal Jurisdiction</u> pursuant to <u>Article III § 2</u> which extends the jurisdiction to cases arising under the U.S. Constitution. Plaintiff brings this suit pursuant to Title <u>42 U.S. Code §1983</u> for violations of certain rights and protections guaranteed to him by the <u>Fourteenth Amendment</u> of the Federal Constitution, by the defendant under the color of the law in his capacity as a Judge in the Seventeenth Judicial Circuit Court of Broward County Florida.

2. Plaintiff claims multiple actions were taken by Judge Charles M. Greene post his being recused by court order and disqualified by law in case ending with the numbers 1493 at the Seventeenth Judicial Circuit Court of Broward County Florida, **in clear absence of all jurisdiction**; causing financial losses as well as pain and suffering to the Plaintiff.

   A. On or about <u>February 6, 2018</u> an **Order of Recusal** was entered for Judge Charles Greene at the Seventeenth Judicial Circuit Court of Broward County Florida, in case ending with the numbers 1493, in which the Plaintiff was a litigant. The Order of Recusal states: "this Court enters its Order of Recusal and directs the clerk to randomly reassign this case to another judge in the Probate Division".

   B. In <u>mid-February 2018</u> the above case was **reassigned** to Judge Peter Weinstein.

C. On <u>March 6, 2018</u> the Defendant held a telephonic hearing in the case in which he was **recused** ending with the numbers 1493.

D. On or about <u>March 8, 2018</u> the Defendant entered two (2) orders in the case in which he was **recused** ending with the numbers 1493.
These two (2) on or about March 8, 2018 orders, were a result of the above telephonic hearing. One of these on or about March 8, 2018 orders, **singled out** the Plaintiff by name, treating the Plaintiff differently from the other litigants while it also **altered an existing statute** along with other irregularities.

E. On <u>April 25, 2018</u> the Defendant held yet another hearing in the case in which he was **recused** ending with the numbers 1493. The hearing was held at the Seventeenth Judicial Circuit Court of Broward County Florida. Below is an excerpt from the transcript of proceedings in the above referenced April 25, 2018 hearing. THE COURT (JUDGE GREENE): "But the point is, it doesn't matter, because **once the Court enters an order of recusal, the Court is not possessed of the jurisdiction** and the Court can't go backwards and reclaim it".

F. On <u>October 19, 2018</u> the Defendant interrupted and interfered with the proceedings of a three hour special set hearing in case ending with the numbers 1493. The hearing was being held by presiding Judge Peter Weinstein at the Seventeenth Judicial Circuit Court of Broward County Florida.

(3)

Shortly into the afternoon session of the above hearing, Judge Weinstein announced in open Court that Judge Greene had requested to see him. Judge Weinstein left the courtroom at Judge Greene's request to confer with Judge Greene outside the courtroom for about fifteen (15) to twenty (20) minutes. Due to the impromptu style format, the Plaintiff was unable to have a court reporter present at this conference. Judge Weinstein subsequently returned to the courtroom after the conference with the Defendant and the hearing continued. This was not the first time Judge Greene interjected himself in a procedural process involving presiding Judge Peter Weinstein in the case in which he was **recused** ending with the numbers 1493.

G. On or about February 26, 2020 the Defendant entered an order in the case in which he was **recused** ending with the numbers 1493.

H. On or about February 27, 2020 the Defendant entered an additional order in the case in which he was **recused** ending with the numbers 1493.

### III. Relief Requested

The Plaintiff believes the relief requested below should be granted for as demonstrated in this complaint, (See claim number two (2), letters C-H), the Defendant acted in a long term pattern as stated in Judge Greene's own words; **not possessed of the jurisdiction.**

Wherefore the Plaintiff, Jay Goodley, prays this Court issue equitable relief as follows:

1. Issue declaratory relief that Judge Greene lost judicial jurisdiction, authority and immunity in the case ending with the numbers 1493 at the Seventeenth Judicial Circuit Court of Broward County Florida upon being recused by court order on or about February 6, 2018.

2. Award the Plaintiff his cost of litigation, compensatory and punitive damages to be quantified after the discovery process.

3. Issue other declaratory relief that the Court deems appropriate and just.

4. Issue other relief that this Court deems appropriate and just.

## IV. Jury Demand

X Yes

Signed this 22nd day of June 2021

*Jay Goodley*
Jay Goodley – Pro- Se

I declare under penalty of perjury that the foregoing is true and correct.

*Jay Goodley*
Jay Goodley
Executed on: June 22, 2021

(5)